UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | File No. 1:16-cr-108-jgm |
| | : | |
| MALCOLM TANNER, | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTION TO DISMISS
(Doc. 17)

I.      Introduction

Defendant Malcolm Tanner moves to dismiss the indictment (Doc. 14) alleging he illegally possessed a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. 17.)  Tanner contends the indictment violates the Ninth and Tenth Amendments of the United States Constitution as well as the Vermont Constitution.  (Doc. 17 at 1, 6.)  The government responds the indictment properly charges Tanner with being a felon in possession of a firearm because 18 U.S.C. § 922(g)(1) is a constitutional exercise of federal power.  (Doc. 19.)  Tanner did not file a reply.  For the reasons stated below, the motion to dismiss the indictment is denied.

II.     Background

Tanner was arrested on July 13, 2016, by Special Agents from the Bureau of Alcohol, Tobacco, and Firearms & Explosives ("ATF") for being a felon in possession of a firearm.  Tanner has four felony convictions that qualify as prohibiting felonies under 18 U.S.C. § 921(a)(20): (1) a 1995 conviction for sale of drugs; (2) a 1999 conviction for theft by unauthorized taking; (3) a 2004 conviction for drug possession; and (4) a 2013 conviction for theft by unauthorized taking.  (Docs. 17 at 1, 19 at 1.)  ATF agents learned Burlington Police Department ("BPD") officers had observed Tanner, in June and July 2016, riding a bicycle around the city of Burlington

with a rifle strapped to his back.  The local police were unaware of Tanner's felony convictions and determined he had not committed a state crime.

When the ATF Agents stopped Tanner on July 13, he had a Sears Roebuck and Co. Model 2200 .22 caliber semi-automatic rifle slung across his back.  The rifle's magazine tube was loaded with seven rounds of ammunition.  The chamber was empty.  ATF Special Agent James Berger determined the rifle was manufactured by Stevens and concluded it was not manufactured in the state of Vermont.

III.   Discussion

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only track the language of the statute charged and state the time and place of the alleged crime.  United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (citation omitted).  An indictment is sufficient if it contains the elements and fairly informs the defendant of the offense charged and enables the defendant to plead double jeopardy in future prosecutions for the same offense.  United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).  On a motion to dismiss, "the indictment must be tested by its sufficiency to charge an offense."  United States v. Sampson, 371 U.S. 75, 78-79 (1962).  Tanner has not challenged the facial validity of the indictment, nor does it appear he has grounds to do so, as the indictment states the elements of the charged offense.  Compare Doc. 14 with 18 U.S.C. § 922(g)(1).

Tanner asserts the application of § 922(g)(1) is an impermissible intrusion on state sovereignty in violation of the Tenth Amendment.  He argues by assuming the authority to prosecute any and all cases of felons possessing firearms, the federal government has assumed a general police power, subverting the structure that leaves local criminal activity to the states. (Doc. 17 at 2.)  He contends this "overstepping" is "particularly egregious" because the prosecution attempts to regulate purely local activity expressly permitted by the Vermont Constitution which

secures the right to bear arms. Id. The government asserts the Second Circuit Court of Appeals has repeatedly found 18 U.S.C. § 922(g)(1) to be a constitutional exercise of federal power under the Commerce Clause because the Constitution requires only minimal proof of an interstate nexus, i.e. that the firearm has been, at some time, in interstate commerce, as an element of the offense to protect federalist concerns. (Doc. 19.)

The Supreme Court and Second Circuit Court of Appeals have held § 922(g)(1) to be constitutional on its face. See Scarborough v. United States, 421 U.S. 563, 566-67 (1977); United States v. Sorrentino, 72 F.3d 294, 297 (2d Cir. 1995). While the Supreme Court has limited the reach of Congress's power under the Commerce Clause, it has not done so with respect to the type of specific jurisdictional basis present in § 922(g)(1). See United States v. Lopez, 514 U.S. 549, 561-62 (1995) (invalidating a provision of the Gun-Free School Zones Act of 1990 because the statute contained "no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession . . . affects interstate commerce"). Accordingly, the Second Circuit has consistently held § 922(g)(1)'s "in and affecting commerce" element is satisfied by proof that the firearm a defendant possessed had previously traveled in interstate commerce. See, e.g., United States v. Gaines, 295 F.3d 293, 302 (2d Cir. 2002); United States v. Santiago, 238 F.3d 213, 216 (2d Cir. 2001); United States v. Palozie, 166 F.3d 502, 504 (2d Cir. 1999); United States v. Jones, 16 F.3d 487, 491 (2d Cir. 1994).

The Vermont Constitution cannot prevent application of a federal statute because the Supremacy Clause of the United States Constitution provides federal law "shall be the supreme Law of the Land . . . the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, § 2. See, e.g., United States v. Baer, 235 F.3d 561, 562 (10th Cir. 2000) (Utah constitutional provisions cannot override 18 U.S.C. § 922(g), a federal criminal statute).

The motion to dismiss is denied because the indictment sufficiently charges Tanner with knowingly possessing a firearm and ammunition "in or affecting commerce." (Doc. 14.) The government will have to prove its assertion that the rifle Tanner possessed in Burlington, Vermont was not manufactured in Vermont.

IV.     Conclusion

For the above reasons, Defendant's motion to dismiss the indictment (Doc. 17) is DENIED. This case will be placed on the January 10, 2017 trial calendar.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of November, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge